UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-01808-CAS (SSx) | Date | August 30, 2016 |
| Title | SALGADO V. SHERIFF LEROY BACA ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:**   (IN CHAMBERS) DEFENDANT'S MOTION TO DISMISS CLAIMS AGAINST LOS ANGELES COUNTY SHERIFF'S DEPARTMENT (Filed August 11, 2016, Dkt. 22).

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of September 12, 2016, is hereby vacated, and the matter is hereby taken under submission.

## I.   INTRODUCTION AND BACKGROUND

On March 16, 2016, Anthony Salgago ("plaintiff") filed this action against Sheriff Leroy Baca, the County of Los Angeles ("the County"), the Los Angeles County Sheriff's Department ("LASD"), and Does one through ten. Dkt. 1. On March 29, 2016, plaintiff filed the operative First Amended Complaint ("FAC") adding Undersheriff Paul Tanaka as a defendant. Dkt. 8. The FAC alleges four claims, all pursuant to 42 U.S.C. § 1983. Plaintiff's first two claims are against all the defendants, namely, (1) Deliberate Indifference to Inmate Health and Safety and (2) a Substantive Due Process Violation. Plaintiff's third claim is against the County and LASD for Municipal Liability for Unconstitutional Customs and Practices. Plaintiff's fourth claim is against Baca and Tanaka for Supervisory Liability.

Plaintiff is an inmate housed in the Los Angeles Men's Central Jail ("MCJ"). Plaintiff alleges that on or around March 20, 2014, his living quarters became flooded with raw sewage. FAC ¶ 15. Plaintiff alleges that he slipped on raw sewage, struck his head, and fractured his jaw. Id. The gravamen of plaintiff's claims is that deplorable and degrading living conditions existed in MCJ as a result of raw sewage and that those conditions violated the rights claimed by plaintiff.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:16-cv-01808-CAS (SSx) | Date | August 30, 2016 |
|---|---|---|---|
| Title | SALGADO V. SHERIFF LEROY BACA ET AL. | | |

On August 11, 2016, LASD ("defendant") filed a motion to dismiss all claims against LASD. Dkt. 22. On August 22, 2016, plaintiff filed an opposition. Dkt. 23. On August 29, 2016, LASD filed a reply in support of their motion. Dkt. 25. Having considered the parties' arguments, the Court finds and concludes as follows.[1]

## II.   LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

## III.   DISCUSSION

LASD asks the Court to dismiss claims against it because LASD is not a "person" within the meaning of 42 U.S.C. § 1983. In advancing its argument, LASD relies on Judge Ferguson's concurrence in United States v. Kama, 394 F.3d 1236, 1239-40 (9th Cir. 2005) (Ferguson, J., concurring), in which Judge Ferguson explained that "municipal police departments and bureaus are generally not considered 'persons' within the meaning of 42 U.S.C. § 1983."

As plaintiff rightly notes, however, courts in this circuit and others have analyzed this issue under the Ninth Circuit's decision in Streit v. County of Los Angeles and have held that a sheriff's department or a police department may be liable as a separate entity

---

[1] The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of September 12, 2016 is vacated, and the matter is hereby taken under submission.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:16-cv-01808-CAS (SSx) | Date | August 30, 2016 |
|---|---|---|---|
| Title | SALGADO V. SHERIFF LEROY BACA ET AL. | | |

under 42 U.S.C. §1983. Streit, 236 F.3d 552, 565 (9th Cir. 2001) (holding that LASD is a "separately suable entity" and can be subject to liability under §1983); see, e.g., Butler v. Riverside County, 2015 WL 1823353, at *4 (C.D. Cal. Apr. 22, 2015) ("Plaintiff may, however, sue both the County and the Sheriff's Department, because the Ninth Circuit has held that under California law a sheriff's department is a separately suable entity."); Fetter v. Placer County Sheriff, 2015 WL 164268 (E.D. Cal. Jan. 12, 2015) (denying motion to dismiss section 1983 claims against Placer County Sheriff's Office); Hupp v. San Diego County, 2012 WL 2887229 (S.D. Cal. July 12, 2012) ("Under California law, municipal police departments, such as SD Sheriff's Dept., are separate suable entities."); see also Olvera v. County of Sacramento, 932 F. Supp. 2d 1123, 1172 n.17 (E.D. Cal. 2013) (analyzing, in dicta, Kama and Streit and finding Streit to be more persuasive); but see, Morales v. City of Delano, 2010 WL 2942645, at *3 (E.D. Cal. July 23, 2010) (distinguishing Streit on the ground that Streit case concerned the Los Angeles County Sheriff's Department's liability "in its function of managing jails" but not as to "traditional law enforcement functions"); Brown v. Cnty. of Kern, 2008 WL 544565, at *3 (E.D. Cal. Feb. 26, 2008) ("Kern County is the proper defendant in a § 1983 suit, not Kern County Sheriff's Department.").

    Given that in Streit, the Ninth Circuit specifically held that LASD is subject to liability under Section 1983, whereas in Kama, the case concerned whether the Portland Police Bureau can be considered a "person" under Section 844(a) of the Controlled Substances Act, the Court finds Streit to be more relevant and persuasive here.

    LASD further argues that plaintiff's claims against it merely duplicate those against the County and that it is a waste of judicial resources and paperwork to have both here. In support of this argument, LASD relies on district court decisions either predating Streit or relying on Kama for their analysis. DeLuca v. Cty. of Los Angeles, 2015 WL 4451420, at *10 (C.D. Cal. July 20, 2015) (relying on Kama for the conclusion that LASD is not a "person" for purposes of § 1983); Shannon v. Cty. of Sacramento, 2016 WL 1138190, at *7 (E.D. Cal. Mar. 23, 2016) (relying on DeLuca, supra); Luke v. Abbott, 954 F. Supp. 202, 202 (C.D. Cal. 1997) (predating Streit). Having already determined that Streit permits suit against both LASD and the County, the Court sees no authority for nonetheless dismissing plaintiff's claims against LASD.

    Accordingly, the Court declines to dismiss plaintiff's claims against LASD. LASD is a proper party to this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-01808-CAS (SSx) | Date | August 30, 2016 |
| Title | SALGADO V. SHERIFF LEROY BACA ET AL. | | |

## IV. CONCLUSION

Defendant's motion to dismiss is **DENIED**.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |